IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS MONIQUE BRADDY, JR. )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:15CV347–HEH
)
UNITED STATES OF AMERICA, )
*et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

Thomas M. Braddy, Jr. ("Braddy"), a former federal inmate, filed suit[1] in the Circuit Court for Prince George County, Virginia (the "Circuit Court") against Defendants[2] for breach of contract and tort violations. Defendants removed the case to this Court. This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 3); Braddy's Motion to Remand (ECF No. 6); and, Braddy's Motion for Summary Judgment (ECF No. 7). For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction and deny Braddy's motions.

### I. Procedural History

On May 11, 2014, Braddy, proceeding *pro se*, filed suit against Defendants in the Circuit Court. On June 8, 2015, Defendants filed a Notice of Removal of State Court

---

[1] "BREACH OF CONTRACT AND TORT VIOLATIONS." (Compl. 2, ECF No. 1-3.) The Court utilizes the pagination assigned to Braddy's submissions by the CM/ECF system.

[2] Braddy names as Defendants: "UNITED STATES OF AMERICA, INC." and "OFFICER 'SGT.' PALMER." (Compl. 1.)

Action to United States District Court. ("Notice of Removal," ECF No. 1.) On June 12, 2015, Defendants filed a Motion to Dismiss. (ECF No. 3.)

On June 22, 2015, Braddy filed a "Motion to Remand Back to State Court" ("Motion for Remand," ECF No. 6).[3] Braddy also filed a "Motion for Summary Judgment & for Injunctive Relief in Support of Remand" ("Motion for Summary Judgment," ECF No. 7). Defendants filed an Opposition to Braddy's Motion to Remand and an Opposition to Braddy's Motion for Summary Judgment on June 29, 2015. (ECF Nos. 10, 11.)

## II. Summary of Allegations

Braddy alleges that on November 16, 2014, after the 10:00 a.m. count, he left his assigned living quarters "to take the chair assigned to him to the area where T.V. viewing takes place." (Compl. 3.) Subsequently, Officer Palmer came out of his office and started to complain about the positions of the chairs and televisions. (*Id.*) Officer Palmer began telling inmates to move their chairs back. (*Id.*) Eventually, Officer Palmer "picked up about 7-10 chairs and beg[an] to throw them to the left and right of the path he was making to the door." (*Id.* at 4.) Braddy was able to dodge the first chair, but was struck on his left thigh by the second chair. (*Id.*)

Braddy also appears to allege that 18 U.S.C. § 4001,[4] § 4002,[5] and § 4042[6] constitute "contracts" between the Bureau of Prisons ("BOP") and the United States, that

---

[3] The Court corrects the capitalization in quotations from Braddy's submissions.

[4] The statute provides:

he is a third party beneficiary to these "contracts," and that Officer Palmer's actions constitute a breach of those contracts. (*Id.* at 5–6.) Braddy further contends that Officer Palmer's behavior violates his "contract plea." (*Id.* at 6.) Braddy seeks "damages both punitive and real to be determined by a duly empaneled jury." (*Id.* at 7.)

---

> **(a)** No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.
> **(b)(1)** The control and management of Federal penal and correctional institutions, except military or naval institutions, shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws, the Classification Act, as amended, and the applicable regulations.
> **(2)** The Attorney General may establish and conduct industries, farms, and other activities and classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation.

18 U.S.C. § 4001.

[5] The statute provides, in pertinent part:

> For the purpose of providing suitable quarters for the safekeeping, care, and subsistence of all persons held under authority of any enactment of Congress, the Attorney General may *contract*, for a period not exceeding three years, with the *proper authorities of any State*, Territory, or political subdivision thereof, for the imprisonment, subsistence, care, and proper employment of such persons.

18 U.S.C. § 4002 (emphasis added). This statute is irrelevant to Braddy, as he is held in a federal facility.

[6] The statute provides, in pertinent part:

> **(a) In general.**--The Bureau of Prisons, under the direction of the Attorney General, shall--
>    **(1)** have charge of the management and regulation of all Federal penal and correctional institutions;
>    **(2)** provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise . . . .

18 U.S.C. § 4042(a).

3

## III. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir. 1988) (citation omitted) (internal quotation marks omitted). "[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). As explained below, because the Circuit Court lacked jurisdiction over Braddy's claims, so too does this Court.

### A. Sovereign Immunity and Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of consent [by the United States] to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations and quotation marks omitted) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

4

### 1. Contract Claims

The statutes Braddy cites in his Complaint, 18 U.S.C. §§ 4001, 4002,[7] and 4042,[8] do not create a private right of action against the United States for breach of contract. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979) (refusing to find that a statute created an implied private remedy when it failed to prohibit certain conduct or create federal rights in favor of private parties).

The most closely applicable statute for Braddy's contract claims, where the United States has waived sovereign immunity, is the "Big Tucker Act," 28 U.S.C. § 1491. *Smeltzer v. United States*, 131 F.3d 136 (4th Cir. 1997). This Act grants the Court of Federal Claims exclusive jurisdiction over breach of contract claims against the United States where the amount in controversy exceeds $10,000. *Id.* The Big Tucker Act, however, does not grant state courts jurisdiction over these claims.[9] *See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (explaining that in suits against the United

---

[7] *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (refusing to find an implied private right of action under § 4002 in the absence of an actual contract between federal and state governments).

[8] Some courts have found § 4042 relevant in establishing a duty of care as the basis of a tort claim against the United States under the FTCA. *See, e.g., Manning v. U.S. Dep't of Justice*, 104 F. App'x 907, 909 (4th Cir. 2004) (using § 4042 as a standard for the duty of care when evaluating a claim brought pursuant to the FTCA). The most closely applicable statute for Braddy's tort claims is the FTCA. *See infra* Part III.A.2. However, the Court also lacks jurisdiction over the FTCA claim pursuant to the doctrine of derivative jurisdiction. *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 247 (4th Cir. 2007); *see infra* Part III.C.

[9] The "Little Tucker Act," 28 U.S.C. § 1346, grants Federal District Courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States not exceeding $10,000. *Randall v. United States*, 95 F.3d 339, 346–47 (4th Cir. 1996). Like the Big Tucker Act, this Act also fails to grant state courts jurisdiction. *See Bullock*, 666 F.3d at 285.

States, state courts lack subject matter jurisdiction unless the waiver of sovereign immunity expressly grants jurisdiction to state courts).

### 2. Tort Claims

The most closely applicable statute for Braddy's tort claims is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671 *et seq.*[10] The FTCA vests exclusive jurisdiction for tort claims brought against the United States and its agencies in the federal district courts. 28 U.S.C. § 1346(b)(1). This exclusive grant, however, precludes state courts from exercising jurisdiction over FTCA claims. *See Bullock*, 666 F.3d at 285.

### B. Derivative Jurisdiction

Defendants removed this matter under 28 U.S.C. § 1442(a)(1),[11] which permits the Government to remove a civil case that is filed against officers or agencies of the United

---

[10] That statute provides, in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[11] That statute provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

States in state court. 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when the Government removes a case under § 1442. *Palmer*, 498 F.3d at 246. When derivative jurisdiction applies, the federal court only acquires the jurisdiction possessed by the state court prior to removal. *See id.* at 244, 246. When, as here, the state court lacks subject matter jurisdiction, the federal court does not acquire jurisdiction upon removal, "even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998)).

**C. Analysis**

Although styled as state law breach of contract and tort claims, Braddy may only bring his initial complaint against the United States pursuant to the "Big Tucker Act," 28 U.S.C. § 1491, and the FTCA, 28 U.S.C. §§ 1346 & 2671 *et seq.* The Circuit Court lacks subject matter jurisdiction over claims brought pursuant to those Acts. *Bullock*, 666 F.3d at 285 (observing that "state courts do not have presumptive jurisdiction to decide suits against the United States"). Pursuant to the doctrine of derivative jurisdiction, this Court's jurisdiction over a removed case is the same as that of the state court from which

---

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

the case originated. *Palmer*, 498 F.3d at 244.[12] Because the Circuit Court lacked jurisdiction over Braddy's case, this Court accordingly lacks subject matter jurisdiction and must dismiss the case. *See, e.g., Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350–51 (5th Cir. 2014) (holding that derivative jurisdiction doctrine applies to FTCA claims removed pursuant to 28 U.S.C. § 1442); *Patton v. F.B.I.*, No. 2:14–13347, 2014 WL 3496112, at *3 (S.D. W. Va. July 11, 2014) (holding that federal district court lacked jurisdiction over Tucker Act claim removed from state court).

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). Accordingly, because this Court lacks jurisdiction and cannot legally adjudicate Braddy's claims, dismissal is appropriate under § 1915A(b)(1).

---

[12] In *Palmer*, a third-party plaintiff brought, *inter alia*, breach of contract and indemnity claims against third-party defendants who were federal agencies. 498 F.3d at 239. The third-party defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a). *Id.* The court dismissed the action pursuant to the doctrine of derivative jurisdiction, noting that the third-party plaintiff "remains free to bring a separate action against the federal defendants in an appropriate forum, *i.e.*, the Court of Federal Claims, for its contract action, in accordance with the Tucker Act, and a district court, for its indemnity claims, in accordance with the FTCA." *Id.* at 247. Dismissal of Braddy's claims does not infringe on "any fundamental right of judicial access ... [because Braddy] has not yet availed [him]self of the appropriate federal fora for resolving [his] claims against the federal defendants." *Id.*

Because the Court lacks jurisdiction over the matter, Braddy's Motion for Remand (ECF No. 6) and Motion for Summary Judgment (ECF No. 7) will be denied.

### IV. Conclusion

For the reasons set forth, Defendants' Motion to Dismiss (ECF No. 3) will be granted. Braddy's Motion for Remand (ECF No. 6) and Motion for Summary Judgment (ECF No. 7) will be denied. The action will be dismissed for lack of jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 9, 2016
Richmond, Virginia

9